UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:26-cr-240-VHC-SPF

MICHAEL STEMPEL

_____/

**<u>ORDER</u>**

Before the Court is the United States' Request of Reasonable Notice of Guilty Plea and Notice of Maximum Penalties, Elements of Offense, and Factual Basis (Doc. 19) in which the United States "files its objection to the defendant's request to plead guilty at arraignment, on less than 24 hours' notice to the United States."  The objection is OVERRULED.  On its face, the United States' objection is so frivolous that it does not require further explanation from the Court. Nonetheless, the Court will correct the United States' fundamental misunderstanding of the purpose of an arraignment.

On June 11, 2026, Stempel was charged in a Criminal Complaint (Doc. 1) with distribution and possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841.  Stempel was arrested that same day and brought before the Court for his initial appearance.  On July 8, 2026, the Grand Jury returned an Indictment (Doc. 14) charging Stempel in Count One with distribution and possession of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C), and in Count Two with tampering with a witness in violation of 18 U.S.C. § 1512(b)(2)(b). The next day, July 9, 20206, the Court noticed an arraignment for July 17, 2026.

The United States begins its argument by stating the following: "First, the United States is entitled to reasonable notice before a Rule 11 change-of-plea hearing" (Doc. 19 at 4).

The United States' argument misses the mark, as there is no "change-of-plea hearing" scheduled in this case.  Indeed, Stempel has never entered a plea, so there is no plea to change.  The fact that Stempel has not entered a plea is one of the primary reasons for holding an arraignment.

Pursuant to Rule 10, Federal Rules of Criminal Procedure, the arraignment must consist of (1) ensuring that the defendant has a copy of the indictment; (2) reading the indictment to the defendant or stating the substance of the charges; and (3) "asking the defendant to plead to the indictment or information."  Under Rule 11(a)(1), Federal Rules of Criminal Procedure, a "defendant may plead not guilty, guilty, or (with the court's consent) nolo contendere."  Accordingly, Stempel has the right to plead guilty at his arraignment.[1] The United States had adequate notice of the arraignment.  And while the vast majority of defendants elect to plead not guilty at their arraignments, the United States knows that a defendant may choose to plead guilty at an arraignment.  Nothing in the rules requires a defendant to give advanced notice of his intent to plead guilty at an arraignment.  In this case, however, Stempel's counsel provided the United States with advanced notice the day before the hearing as a professional courtesy.

While the United States had more than adequate notice of the arraignment and thus the possibility of a guilty plea, it appears notice may not be the United States' real concern.  The United States believes that Stempel intends to plead guilty in "hopes to attach jeopardy to the case" in an effort to avoid being charged with causing the overdose death of an

---

[1] While a defendant has the right to plead guilty, it is a "well-settled proposition that a defendant has no absolute right under the United States Constitution or under Fed.R.Crim.P. 11 to have his guilty plea accepted by the court." *United States v. Gomez-Gomez*, 822 F.2d 1008, 1010 (11th Cir. 1987).

individual whose autopsy report has not been finalized (Doc. 19 at 4). Regardless of the viability of such a strategy, the United States made the charging decisions in this case. It sought the Indictment and cannot now prevent Stempel from pleading guilty to the charges against him, just because it might seek a superseding indictment later.

Finally, the United States suggests in passing that a "brief continuance would fully resolve the issue," but does not actually move for a continuance. To the extent the United States wants a brief continuance, it may orally make such a motion before the start of the arraignment. Accordingly, it is ORDERED:

The United States' "objection to the defendant's request to plead guilty at arraignment" contained in the Request of Reasonable Notice of Guilty Plea and Notice of Maximum Penalties, Elements of Offense, and Factual Basis (Doc. 19) is OVERRULED.

**ORDERED** in Tampa, Florida, on July 17, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

3